UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

WILLIAM R. MAPLETHORPE
and NANCY J. MAPLETHORPE,

        Debtors.
_____/

Case No. 16-57117

Chapter 13

Judge Thomas J. Tucker

WILLIAM R. MAPLETHORPE
and NANCY J. MAPLETHORPE,

        Plaintiffs,

vs.

CITIMORTGAGE INC.,

        Defendant.
_____/

Adv. Pro. No. 17-4032

**OPINION REGARDING DEFENDANT'S MOTION FOR JUDGMENT
ON PARTIAL FINDINGS, UNDER FED. R. CIV. P. 52(c)**

**I. Introduction**

      This adversary proceeding is what is often referred to as a "lien-strip" action. Plaintiffs William R. Maplethorpe and Nancy J. Maplethorpe ("Plaintiffs") are the Debtors in a pending Chapter 13 bankruptcy case. They seek a judgment determining that in their proposed Chapter 13 plan, they may treat as a wholly unsecured claim the claim of the Defendant Citimortgage Inc. ("Defendant"). Defendant's claim against Plaintiffs is secured by a second mortgage on Plaintiffs' home, located at 8635 Avoca Road, Avoca, Michigan (the "Property"). Plaintiffs allege that as of the bankruptcy petition date (December 23, 2016), the value of the Property was less than the balance owing on the first mortgage on the Property (the "First Mortgage debt").

Defendant disputes this.

The Court began a bench trial on June 13, 2017, during which Plaintiffs presented, and then rested, their case-in-chief. At that point, Defendant orally moved for a judgment on partial findings, under Fed. R. Civ. P. 52(c), which applies in this adversary proceeding under Fed. R. Bankr. P. 7052 (the "Rule 52(c) Motion"). After hearing oral argument on that motion from the parties, the Court recessed the trial, so that it could further consider, and issue a written ruling on, the Rule 52(c) Motion. (The Court scheduled the continuation of the trial to occur on June 27, 2017, at 1:30 p.m. Such a continuation of the trial would be necessary if the Court denied the Rule 52(c) Motion.)

The Court has carefully considered all of the arguments and evidence presented by the parties at trial so far, including their arguments regarding the Rule 52(c) Motion. For the reasons stated in this opinion, the Court will grant the Rule 52(c) Motion, and will enter a judgment in Defendant's favor. This opinion states the Court's findings of fact and conclusions of law, as required by Rule 52(c).

**II. Background**

At least a few of the facts are undisputed. The parties have stipulated to the following facts, as stated in the Final Pretrial Order, filed June 5, 2017 (Docket # 25):

> a. Debtors own a home at 8635 Avoca Rd, Avoca, MI 48006.
>
> b. Mortgage Electronic Registration Systems, Inc. has a first priority lien on the property at issue.[1]

---

[1] Elsewhere in the Final Pretrial Order, Plaintiffs say that the first mortgage "is held by Nationstar Mortgage." (Docket # 25 at 2, ¶ (2) (statement of Plantiffs' Claims)). In any event, the Court will refer to the first mortgage in this opinion simply as the "First Mortgage."

      c. CitiMortgage has a second priority lien on the property at issue
      and has filed a proof of claim in this bankruptcy case in the amount
      of $37,371.29.

In Plaintiffs' most recently-amended Chapter 13 plan, filed on May 9, 2017, Plaintiffs propose to treat Defendant's claim as a wholly unsecured claim.[2] The Plan thus proposes to treat Defendant's claim as all other general unsecured claims, in Class Nine, by paying a minimum dividend of 0% of the allowed claim, with no interest, over the life of the Plaintiffs' 60-month Plan.[3]

In this adversary proceeding, Plaintiffs have the burden at trial of proving, by a preponderance of the evidence, that the value of the Property as of the December 23, 2016 petition date was equal to or less than the balance owing on the First Mortgage debt as of the petition date. *See generally* 11 U.S.C. §§ 506(a)(1) and 506(d); *Lane v. Western Interstate Bancorp*, 280 F.3d 663 (6th Cir. 2002). If Plaintiffs meet that burden of proof at trial, they will prevail in this adversary proceeding. If Plaintiffs do not meet that burden, then Defendant will prevail.

**III. Jurisdiction**

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is a core

---

[2] *See* First Amended Chapter 13 Plan (Docket # 59 in Case No. 16-57117, the "Plan") at 3, § III.C.

[3] *See id.* at 5, ¶ III.I (under "Class Nine"), which states that "General Unsecured Claims" will be paid the "Unsecured Base Amount," which is defined as $0 in this case, *see id.* at Attachment I, or that the Plan "will continue for the full Plan Length . . ., which ever yields the greater payment to Class 9 Unsecured Creditors."

3

proceeding under 28 U.S.C. §§ 157(b)(2)(K), 157(b)(2)(L), and 157(b)(2)(O).[4]

This proceeding also is "core" because it falls within the definition of a proceeding "arising under title 11" and of a proceeding "arising in" a case under title 11, within the meaning of 28 U.S.C. § 1334(b). Matters falling within either of these categories in § 1334(b) are deemed to be core proceedings. *See Allard v. Coenen* (*In re Trans-Industries, Inc.*), 419 B.R. 21, 27 (Bankr. E.D. Mich. 2009). This is a proceeding "arising under title 11" because it is "created or determined by a statutory provision of title 11," *see id.*, including Bankruptcy Code § 506. And this is a proceeding "arising in" a case under title 11, because it is a proceeding that "by [its] very nature, could arise only in bankruptcy cases." *See id.* at 27.

For these reasons, this Court has *statutory* authority, under 28 U.S.C. § 157(b)(1), to enter a final judgment on Plaintiffs' claim in this adversary proceeding. If and to the extent this Court might otherwise lack *constitutional* authority to enter a final judgment, under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), such a problem does not exist in this case. This is because all of the parties in this adversary proceeding have expressly, knowingly, and voluntarily consented to this bankruptcy court entering a final order or judgment, as permitted by 28 U.S.C. § 157(c)(2).[5] Given that consent, this bankruptcy court has both statutory and constitutional authority to enter a final judgment on Plantiffs' claim. *See Ralph Roberts Realty, LLC v. Savoy* (*In re Ralph Roberts Realty*), 562 B.R. 144, 147-48 (Bankr. E.D. Mich. 2016) *(*discussing, among other cases, *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015)).

---

[4] The parties have agreed that this Court has subject matter jurisdiction, and that this is a core proceeding. *See* Final Pretrial Order (Docket # 25) at 1.

[5] *See* Adversary Proceeding Scheduling Order (Docket # 10) at 1, ¶ I (b).

4

## IV. Discussion

### A. Defendant's Rule 52(c) Motion argument

In support of its Rule 52(c) Motion, made after the close of Plaintiffs' case-in-chief, Defendant argues that Plaintiffs have failed to meet their burden of proof, because they failed to prove what amount was owing on the First Mortgage debt as of the December 23, 2016 petition date. As part of their burden of proof, Plaintiffs have to prove, by a preponderance of the evidence, that the amount owing on the First Mortgage debt as of the petition date was equal to or greater than the value of the Property, which value Plaintiffs and their appraisal evidence say is $350,000.00. Thus, Plaintiffs have the burden to prove that the First Mortgage debt amount as of the petition date was at least $350,000.00 (or more, to the extent the Court finds that the value of the Property is more than $350,000.00).

Defendant argues that Plaintiffs failed to prove this in their case-in-chief at trial, and in fact presented no admissible evidence regarding the amount of the First Mortgage debt. Plaintiffs disagree.

### B. Standards applicable to the Rule 52(c) Motion

Fed. R. Civ. P. 52(c), made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7052, states that:

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court, may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

5

Fed. R. Civ. P. 52(c).

"In deciding whether to enter judgment on partial findings under Rule 52(c), the district court is not required to draw any inferences in favor of the non-moving party; rather, the district court may make findings in accordance with its own view of the evidence." *Ritchie v. U.S.*, 451 F.3d 1019, 1023 (9th Cir. 2006) (footnote omitted) (citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990) ("[A]lthough a court might, after reviewing the evidence, decide in favor of the party moving for a dismissal under Rule 41(b)[Rule 52(c)'s predecessor], that court might not take the same case away from the jury because it might believe that the jury could *reasonably* find for the non-moving party.")); *see also Aubert v. Russell Collection Agency, Inc.*, 215 F. Supp. 3d 583, 593 n.10 (E.D. Mich. 2016) (internal quotation marks and citations omitted) ("It should be borne in mind that the Court was not required to draw any special inferences in favor of the nonmoving party in deciding a Rule 52 motion for judgment on partial findings.").

"The rule 'authorizes the court to enter judgment at any time that it can appropriately make a dispositive finding of fact on the evidence.'" *New Products Corp. v. Tibble (In re Modern Plastics Corp.)*, 543 B.R. 819, 824 (Bankr. W.D. Mich. 2016) (quoting Fed. R. Civ. P. 52(c), Advisory Committee Note to 1991 Amendment). "A court that enters judgment on partial findings, like one that enters judgment at the conclusion of all evidence, must nevertheless state its findings of fact and conclusions of law separately, in accordance with Rule 52(a)." *Id.*

**C. The Court finds the Rule 52(c) Motion to be well taken.**

The Court finds Defendant's Rule 52(c) Motion to be well taken. Given the Court's evidentiary rulings made during the June 13 trial, and for the reasons stated by the Court on the

6

record during the trial, and for the following additional reasons, the Court finds and concludes that Plaintiffs failed to present any admissible evidence at trial regarding what the amount of the First Mortgage debt was as of the December 23, 2016 petition date (or as of any date after the petition date, for that matter). And more specifically, Plaintiffs failed to present any admissible evidence that the amount of that First Mortgage debt was equal to or greater than $350,000.00, the amount Plaintiffs, and their appraisal witness who testified at trial, contend is the value of the Property as of the petition date.[6] Thus, the Court must conclude that Plaintiffs failed to meet their burden of proof. Because Plaintiffs have rested their case-in-chief at trial, and therefore have been fully heard on the issue, on which Plaintiffs bear the burden of proof, the Rule 52(c) motion will be granted and judgment will now be entered for Defendant.

During trial, the Court sustained Defendant's objections and motions to strike Plaintiff William Maplethorpe's testimony regarding the amount owing on the First Mortgage debt. Briefly stated, the Court's rulings were based on the fact that Mr. Maplethorpe's testimony showed that he had no personal knowledge of the amount owing on the First Mortgage debt, as required by Fed. R. Evid. 602, but rather was simply relaying information from Plaintiffs' Exhibit 2, which itself was inadmissible hearsay. The Court ruled (and now reiterates) that Mr. Maplethorpe's testimony on this subject was inadmissible hearsay. And the Court sustained Defendant's objection to the admission into evidence of Plaintiff's Exhibit 2, as inadmissible hearsay. Given these rulings, after Plaintiffs rested their case-in-chief there was no admissible evidence presented of what the amount of the First Mortgage debt was, as of the petition date, or

---

[6] Defendant and its appraiser contend that the value of the Property as of the petition date was $400,000.00.

7

17-04032-tjt    Doc 32    Filed 06/16/17    Entered 06/16/17 12:46:49    Page 7 of 10

as of any date after the petition date.

*After* Plaintiffs rested their case-in-chief at trial, and Defendant made its oral Rule 52(c) Motion, Plaintiffs argued that the following *additional* evidence supports the Plaintiffs' claim that the amount of the First Mortgage debt exceeded $350,000.00 as of the petition date. But the Court finds and concludes that none of this purported evidence is admissible evidence of the amount of the First Mortgage debt. In this regard, the Court agrees with and sustains Defendant's objections to this purported evidence. The Court will review each item of this purported evidence now.

First, Plaintiffs cite the allegation in their complaint, which also appears in their amended complaint, that "[u]pon information and belief, Nationstar Mortgage has a secured lien on the aforementioned real property, first in priority in the amount of $386,282.00."[7] But these allegations are unsworn, and Defendant did not admit them in its answers to the complaint and amended complaint.[8] While it is true that allegations in a party's pleading may be used *against* that party, as an admission of a party-opponent, a party may not use its own pleading as evidence to prove the truth of a matter asserted therein, as Plaintiffs seek to do with their complaint allegations here. Even if the Plaintiffs' complaint and amended complaint had been verified (sworn to) by them, Plaintiffs may not use their own pleadings as evidence of the amount of the First Mortgage debt. That is inadmissible hearsay. *See* Fed. R. Evid. 802, 801(c). And none of the exceptions to the hearsay rule in Fed. R. Evid. 803, 804, and 807 apply. Defendant's objections to this purported evidence are sustained.

---

[7] Complaint (Docket # 1) at ¶ 8; Amended Complaint (Docket # 13) at ¶ 8.

[8] Docket ## 4, 15, each at ¶ 8.

Second, Plaintiffs cite the Schedule D that they filed in their Chapter 13 bankruptcy case. This was filed on the bankruptcy petition date (part of Docket # 1 in Case No. 16-57117), and in that Schedule D Plaintiffs stated that the amount owing on the Nationstar mortgage debt as of the petition date was $386,262.00.[9] This is a sworn statement by the Plaintiffs — they verified the accuracy of their filed schedules under penalty of perjury[10] — and this Court may take judicial notice that this Schedule D was filed, under Fed. R. Evid. 201. But this prior out-of-court statement by Plaintiffs is inadmissible hearsay, just as their complaint allegations are inadmissible hearsay, as explained above. Plaintiffs cannot use their own prior statement in Schedule D as evidence to prove the truth of the matter asserted in that Schedule D (that the amount of the First Mortgage debt was $386,262.00 as of the petition date). Defendant's objection to this purported evidence is sustained.

Third, Plaintiffs cite Plaintiff's Exhibit 3, which was admitted into evidence by stipulation. That exhibit is a copy of the First Mortgage, which was dated April 7, 2006 and recorded on April 12, 2006. That document shows, at most, only that the amount owing on the First Mortgage debt was $405,000.00 *as of the date of its origin, in April 2006.* It proves nothing about what the balance owing was on the First Mortgage debt on the bankruptcy petition date of December 23, 2016, *more than 10 and one-half years later*.

Finally, with the exception of Plaintiff's Exhibit 3, Plaintiffs did not present any of the above purported evidence during their case-in-chief. It was first proffered by them only after

---

[9] *See* Schedule D, Item 2.6 (Docket # 1 in Case No. 16-57117, at pdf p. 27).

[10] *See* Declaration About an Individual Debtor's Schedules (Docket # 1 in Case No. 16-57117, at pdf p. 43).

they expressly rested their case-in-chief, and then only after Defendant made its oral Rule 52(c) Motion. And with the exception of Plaintiff's Exhibit 3, this belatedly-proffered "evidence" consists entirely of exhibits that were not listed in the Final Pretrial Order.[11] For these additional reasons, which Defendant argued in objecting to these documents, the Court will disregard them. This Court's local rule on final pretrial orders, L.B.R. 7016-1(b)(9) (E.D. Mich.), requires that all exhibits that a party may offer at trial must be listed in the final pretrial order; and states that "[o]nly listed exhibits will be considered for admission, except for rebuttal exhibits that could not be reasonably anticipated before trial, or except for good cause shown." These were not "rebuttal exhibits;" nor did Plaintiffs show "good cause" for permitting them to be used despite Plaintiffs having failed to list them in the Final Pretrial Order.

## V. Conclusion

Based on the findings of fact, conclusions of law, and the reasons stated in this opinion, the Court will grant Defendant's Rule 52(c) Motion, and enter judgment for Defendant. Plaintiffs have failed to met their burden of proof.

The Court will prepare and enter an appropriate judgment, by a separate document.

**Signed on June 16, 2017**　　　　　　　　　　　　　　　　**/s/ Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Thomas J. Tucker**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Bankruptcy Judge**

---

[11] *See* Final Pretrial Order (Docket # 25) at 3 (listing the three exhibits that Plaintiffs "will *or may* present" at trial)(italics in original).